# IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
## IN AND FOR NEW CASTLE COUNTY

IN RE THE MATTER OF

DURRAN MAURICE HYLAND

)
)
)
)
)
)
)

C.A. No.: CPU4-24-005115

## ORDER

**COMES NOW**, this 12th day of May 2025:

The Court of Common Pleas having reviewed Petitioner Durran Maurice Hyland's Motion for Reargument.[1] The Motion is hereby **DENIED**.

On December 17, 2024, Petitioner filed a name change petition with this Court. On February 3, 2025, the Court held a hearing on his petition. At the hearing the Court denied Petitioner's petition and issued a formal order on March 14, 2025, memorializing the Court's reason for the denial. On April 14, 2025, Petitioner filed his current motion. Petitioner's Motion seeks this Court to reconsider its order denying his petition for a name change.

Under Delaware law, the cardinal precept of a Rule 59(e) motion for reargument is that it may not be utilized to "rehash arguments already decided by the Court," or to raise "[n]ew arguments, or arguments that could have been raised prior to the Court's decision."[2] Reargument will be denied unless the Court

---

[1] Petitioner's Motion was captioned as a motion for relief of judgment; however, the Court is treated it as a motion for argument.

[2] *Citimortgage, Inc. v. Bishop*, 2011 WL 1205149, at *1 (Del. Super. March 29, 2011).

1

"overlooked a controlling precedent or legal principles" or "misapprehended the law or facts such as would have changed the outcome of the underlying decision."[3] A heavy burden is imposed on the moving party, for they "must 'demonstrate newly discovered evidence, a change in the law, or manifest injustice.'"[4] Upon its own examination of a Rule 59(e) application, the Court "will determine from the motion and answer whether reargument [or reconsideration] will be granted."[5]

Here, Petitioner's Motion presents nothing new, and even if he did raise new arguments that would not be enough to satisfy the stringent standard needed to grant his Motion. The arguments advanced by Petitioner were already before the Court when it arrived at its original decision. Further, Petitioner has not presented the Court with controlling precedent or legal principles that would cause the Court to differ from its original decision. Nor has the Petitioner demonstrated newly discovered evidence, a change in the law, or manifest injustice. Therefore, the Court will deny Petitioner's Motion for Reargument.

IT IS HEREBY ORDERED that Petitioner's Motion for Reargument is hereby **DENIED.**

**IT IS SO ORDERED.**

The Honorable Carl C. Danberg
Chief Judge

---

[3] *Martinez v. E.I. DuPont De Nemours*, 2012 WL 6845678, at *4 (Del. Super. Dec. 5, 2012).
[4] *Id.*; *see Kent v. The Dover Opth. Asc., LLC*, 2018 WL 1448675, at *1 (Del. Super. March 3, 2018).
[5] CCP Civ. R. 59(e).

2